[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
This appeal is taken by defendant-appellant Tod Bailey from a judgment of the Court of Common Pleas of Allen County.
On July 24, 1982, Tod and plaintiff-appellee Mary Ann Bailey were married. Three children, Andrew (D.O.B. 5/6/85), Patrick (D.O.B. 1/2/87), and Kathryn (D.O.B. 4/20/90), were born during the marriage. On March 24, 1997, Mary Ann filed for divorce. Tod filed an answer and a counterclaim for divorce. Both parties sought custody of the children. In April 1997, Mary Ann was granted temporary custody of the children and exclusive use of the marital residence.
During the summer of 1997, the couple attempted to reconcile but were unsuccessful. On August 11, 1997, Mary Ann attempted suicide by taking 32 sleeping pills. On October 29, 1997, the trial court held in camera interview with the children to determine their wishes regarding custody. The children represented that they would prefer to stay with their father. On December 9, 1997, Tod was given temporary custody of the children and given exclusive use of the marital residence.
On June 11, 1998, a trial was held. Both parties submitted parenting plans. Tod desired to be named the residential parent with Mary Ann given visitation. Mary Ann submitted a shared parenting plan, which had the children changing households every three to five months. On September 10, 1998, the trial court filed it's entry. The trial court ordered a shared parenting plan as established by Mary Ann's proposal. Mary Ann was given the marital residence and ordered to pay a cash settlement to Tod for his interest in the home. On October 5, 1998, Tod filed this appeal.
Tod claims the following assignments of error.
 The trial court committed an abuse of discretion by ordering the parties' children to alternate between the homes of their mother and father every three to five months, given the fact that the mother had attempted to commit suicide in August 1997, and the children were well adjusted in their father's care, doing well in school, and had clearly expressed their wishes to continue to live primarily with the father.
 The trial court abused its discretion in awarding the real estate to the mother without giving the father a right of first refusal in the event of the mother's attempted sale thereof, when the real estate had been maintained and improved largely through the father's own efforts and had been found to be a primary focal point for the children.
 The trial court abused its discretion, in valuing Tod's P.E.R.S. benefits and deferred compensation account, by failing to discount the values of those assets to take account of the fact that such benefits will be subject to income taxation when received by Tod, whereas the real property awarded to Mary Ann carries little if any income tax burden.
Tod's first assignment of error claims that the trial court erred in granting the shared parenting plan.
 The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record.
 Miller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846,849. Thus, a reviewing court may not reverse a custody determination unless the trial court has abused its discretion.Pater v. Pater (1992), 63 Ohio St.3d 393, 588 N.E.2d 794. An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. "A decision is unreasonable if there is no sound reasoning process that would support that decision." AAAA Enterprises, Inc. v. River PlaceCommunity Urban Redevelopment Corp. (1990) 50 Ohio St.3d 157, 161,553 N.E.2d 597, 601.
In this case, the trial court questioned the parties and interviewed the children to determine the wishes of those involved. The trial court also read the reports of the psychologist and the guardian ad litem. Based upon this evidence, the trial court examined all of the factors required by R.C.3109.04(F)(2). As a result, the trial court found that although the parties do not get along and do not cooperate at this time, both of them love their children and will put the children's best interests first. The trial court also determined that both parties would fulfill the terms of the court order. Additionally, both the psychologist and the guardian ad litem recommended a shared parenting plan as being in the best interest of the children. Therefore, the trial court did not abuse its discretion in ordering the shared parenting plan. The first assignment of error is overruled.
In the second assignment of error, Tod claims the trial court erred in not giving him a right of first refusal if Mary Ann should sell the house. In support of this argument, Tod argues that the house is important to the children, so he should be given the first chance to buy it if Mary Ann decides to sell. However, this argument is not persuasive. First, it presupposes that Mary Ann will sell the house. There is nothing in the record to indicate that Mary Ann has any intent to sell the house. Second, even if Mary Ann does sell the house, there is nothing to stop Tod from buying it. He is free to submit any offer that he chooses. If he is worried that Mary Ann will not consider an offer from him, he can always submit his offer through a third party. Thus, we cannot find any error in the trial court's decision. The second assignment of error is overruled.
Finally, Tod argues that the trial court should have reduced the value of the P.E.R.S. contributions and the deferred compensation plan by the amount of taxes that will be removed on distribution. Before the trial court can consider reducing the amounts due to taxes, the parties must submit some evidence on the matter. Tod did not submit any evidence of what he believes to be the appropriate valuation of the accounts. Thus, the trial court had no way to determine what the reduced values or tax consequences should be. Without this additional information, the trial court did not err in valuing the accounts at the values given. The third assignment of error is overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
SHAW and WALTERS, JJ., concur.